Filed 4/15/14  P. v. Ramos CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059030 |
| v. | (Super.Ct.No. FWV1203026) |
| MARIO DUSTIN RAMOS, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ingrid A. Uhler, Judge.  Affirmed.

Elisabeth A. Bowman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant is serving seven years in prison after a jury convicted him of assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a))[1] and petty theft

_____

[1]  All section references are to the Penal Code unless otherwise indicated.

1

(§ 484, subd. (a)), along with a personal infliction of great bodily injury allegation (§ 12022.7, subd. (a)) as to the assault charge.  These charges resulted from defendant punching a store clerk in the face and then grabbing a small bottle of liquor from a display bin as two customers threw him out of the store.  As discussed below, we must affirm the judgment.

## FACTS AND PROCEDURE

On the afternoon of December 2, 2012, defendant entered a busy liquor store and asked the manager what was the cheapest can of beer he could buy.  The manager knew defendant because he had come into the store in the past, and told him the name of the cheapest brand of beer.  Defendant selected a more expensive brand of beer, costing $2.25, and placed it on the counter while he looked in his pockets for change.  After defendant placed a small amount of change, approximately 50 to 65 cents, on the counter, the store manager asked him to wait on the side while he looked for the money so the manager could help other customers.  The manager told defendant that he did not have enough money to pay for the beer.  Defendant replied, "I have fuckin' money."  The manager came from behind the counter, came about two to three feet away from defendant, pointed a finger at defendant, moved his hand from left to right and told defendant that he did not have the money and should leave the store.  Defendant jumped toward the manager and punched him in the face twice with a closed fist.  The People introduced into evidence photographs of the manager taken the following day.  The manager testified that he was dizzy immediately afterward, that he bled from his nose,

2

eyes and teeth for about 45 minutes, and that he had "a lot" of pain in those three areas so that he could not sleep for three days. He did not seek medical attention.

Two customers grabbed defendant and pushed him out of the store. The two customers were not at the store when police arrived, and the manager did not know who they were. As he was being ejected from the store, defendant put his right hand in a display bin that was in the middle of the store and contained miniature bottles of liquor. Responding police officers found defendant in a dirt field just south of the store. He had on him a small bottle of vodka, which matched those in the display bin where he put his hand while being ejected from the store. The store manager identified defendant as the man who punched him and the bottle of vodka as coming from the display inside the store.

After being read his *Miranda*[2] rights, defendant told police that he took the bottle of vodka as he left the store. He also said that the store manager pushed him and that he punched the manager to protect himself. Defendant said that the manager gave him attitude. Defendant said he did not leave the store voluntarily, but was pushed out by the two customers.

Defendant was initially charged with assault and with robbery by force and fear (§ 211). The People presented the testimony of four witnesses at trial. The first was the elderly store manager who was the victim of the assault. The second was the manager's girlfriend, who was present in the store at the time of the assault. The third and fourth

---

[2] *Miranda v. Arizona* (1966) 384 U.S. 436.

3

were two of the responding police officers. At the close of evidence, the trial court granted defendant's motion under section 1118.1 and reduced the robbery charge to petty theft. The jury convicted defendant on both counts and found that he personally inflicted great bodily harm. Defendant admitted to having served a prior prison term (§ 667.5).

On June 17, 2013, the court sentenced defendant to the midterm of three years for the assault, plus three years consecutive for the personal infliction of great bodily harm allegation, plus one year consecutive for the prison prior, for a total of seven years in prison.

This appeal followed.

## DISCUSSION

We appointed counsel to represent defendant on appeal. After examination of the record, counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. Defendant makes several arguments.

First, defendant argues his trial counsel was ineffective for failing to present favorable testimony from two crucial witnesses to dispute the accuracy of the store manager's version of what caused the altercation. It appears from the supplemental brief that these two witnesses were store customers who witnessed the assault, and may have

4

been the two who grabbed defendant and pushed him out of the store. We note that the store manager testified that he did not know who the two customers were, and that one of the responding officers stated affirmatively that neither customer remained at the store by the time he arrived.

In order to establish a claim of ineffective assistance of counsel, (IAC) defendant must demonstrate, "(1) counsel's performance was deficient in that it fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient representation prejudiced the defendant, i.e., there is a 'reasonable probability' that, but for counsel's failings, defendant would have obtained a more favorable result. [Citations.] A 'reasonable probability' is one that is enough to undermine confidence in the outcome. [Citations.]" (*People v. Dennis* (1998) 17 Cal.4th 468, 540-541, citing, among other cases, *Strickland v. Washington* (1984) 466 U.S. 668; accord, *People v. Boyette* (2002) 29 Cal.4th 381, 430.) Hence, an IAC claim has two components: deficient performance and prejudice. (*Strickland v. Washington*, at pp. 687-688, 693-694; *People v. Williams* (1997) 16 Cal.4th 153, 214-215; *People v. Davis* (1995) 10 Cal.4th 463, 503; *People v. Ledesma* (1987) 43 Cal.3d 171, 217.) If defendant fails to establish either component, his claim fails.

When a claim of IAC is made on direct appeal, and the record does not show the reason for counsel's challenged actions or omissions, the conviction must be affirmed unless there could be no satisfactory explanation. (*People v. Pope* (1979) 23 Cal.3d 412, 426.) Here, defendant does not present any proof that the two witnesses would have

5

testified favorably on his behalf. This goes to both deficient performance and prejudice. In addition, two satisfactory explanations exist for defense counsel not calling the two witnesses—that they could not be identified or contacted and that they would not have testified favorably for defendant. Thus, defendant's claim of ineffective assistance of counsel fails.

Second, defendant argues there was insufficient evidence to support the petty theft conviction because he did not leave the store with the vodka in hand voluntarily, but rather was forcefully ejected from the store. We counter this argument with evidence that defendant willingly grabbed the vodka from the display case as he was obviously being forcefully ejected from the store, and made no attempt to set down the bottle outside or to return it. The jury had sufficient evidence before it to convict defendant of petty theft.

Third, defendant argues there is no evidence that the store manager suffered great bodily injury. Section 12022.7 imposes a three-year sentence enhancement for any person who intentionally and personally inflicts "great bodily injury" in the commission or attempted commission of a felony. Great bodily injury is defined in the statute as constituting "a significant or substantial physical injury." The meaning of "great bodily injury" has been defined by the Supreme Court in *People v. Escobar* (1992) 3 Cal.4th 740. In *Escobar*, a rape victim's bloody knees, abrasions, painful neck, and vaginal soreness were held to constitute great bodily injury. (*Id.,* at p. 750.) The court stated: "It is well settled that the determination of great bodily injury is essentially a question of fact, not of law. "'Whether the harm resulting to the victim . . . constitutes great bodily

6

injury is a question of fact for the jury. [Citation.] If there is sufficient evidence to sustain the jury's finding of great bodily injury, we are bound to accept it, even though the circumstances might reasonably be reconciled with a contrary finding.'" [Citations.]" (*Ibid.*) Here, the evidence shows that the store manager bled from his nose, eyes and teeth for 45 minutes after the assault, and that he was in so much pain he could not sleep for three nights. In addition, the jury was shown photographs of his face taken one day after the assault. We find substantial evidence supports the jury's finding of fact that defendant committed great bodily injury on the store manager.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

KING
J.

7